Fuld, J. (dissenting).
The court’s decision requires vacating three prior decrees of the Surrogate’s Court that had judicially settled the accounts of Bankers Trust Company, as executor and trustee, for a period going back almost 25 years. These earlier decrees may have been erroneous insofar as they allow to the Trust Company fees at the rate of 5% for collecting rents, but the time to contest that issue was on the settlement of those accounts, not now when they are not under review. The binding effect of these former adjudications on the point now in dispute is sought to be avoided upon the ground that they were entered as a result of fraud or through breach of fiduciary duty.
Since the majority, in the view it has taken of the case, has found it unnecessary to consider whether there was fraud, I would merely observe that in my view there is no basis in the record for any inference that the bank was guilty of deception or guile or that its officers in bad faith suppressed the letter which its vice-president had written to the testator.
Nor do I understand how it may be said that the letter differed from the will in any material respect. They were, in purpose and content, similar. The will, just as did the letter, dealt with the services of the bank as executor and trustee; the will, just as did the letter, dealt with the commissions to be paid to the bank in each of its capacities and both will and letter quoted identical rates. In short, the letter, it seems plain, was written simply with the view to committing the bank to act as executor qnd trustee in accordance with the terms of tbe will,
*33 The letter did, it is true, contain the words “ for our services ” but, as I have already indicated, they added nothing of substance or significance. On the one hand, the meaning of the letter would have been precisely the same without them and, on the other, the will, though it did not contain them, was instinct with the meaning that the commissions, at the rates specified, were to be paid to the bank for its “ services.” Indeed, it may be asked, for what other or different purpose could the commissions have been intended?
To state the matter somewhat differently, I find it difficult to believe that the testator by his will and the bank’s vice-president by his letter had two different arrangements in mind. If the testator had actually reached an understanding with the bank as to its compensation (for services as executor and trustee) which was more beneficial to his estate than the arrangement provided for in his will, as his widow now asserts, he would undoubtedly have communicated that fact to his attorneys and the latter would unquestionably have had the will reflect the more advantageous agreement. Certainly, neither the testator, astute businessman that he was, nor his counsel, able and experienced as they were, would have allowed the will to provide that the bank was to be paid more or higher commissions for its services than it had agreed to accept.
I would affirm the Appellate Division’s order.
Conway, Ch. J., Dye, Froessel and Burke, JJ., concur with Desmond, J.; Fuld, J., dissents in an opinion in which Van Voorhis, J., concurs.
Ordered accordingly.